IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Pee Dee Health Care, P.A. and the South Carolina Coalition for Integrity in Medicaid Reform, (www.medicaidhonesty.com),<br><br>    Plaintiffs,<br><br>v.<br><br>Mark Sanford, in his official capacity as the Governor of South Carolina; Robert Kerr, in his official capacity as Director of the South Carolina Department of Health and Human Services; and the South Carolina Department of Health and Human Services,<br><br>    Defendants.<br>_____ | Civil Action No. 3:05-_____<br><br>[Civil Action No. 05-CP-40-4612]<br>[Court of Common Pleas]<br><br>**ANSWER ON BEHALF OF ALL DEFENDANTS** |

The Defendants, Mark Sanford, in his official capacity as the Governor of South Carolina, Robert Kerr, in his official capacity as Director of the South Carolina Department of Health and Human Services, and the Department of Health and Human Services ("DHHS"), answering the Complaint herein, allege the following:

**FOR A FIRST DEFENSE**

1. The case is not ripe for adjudication because the South Carolina Medicaid Choice Waiver request that is the subject of this action has neither been submitted in final form to the Federal Centers for Medicare and Medicaid Services ("CMS"), nor has it been approved by that entity. The waiver cannot take effect without CMS approval. Even if CMS were to approve the waiver request, it could not be implemented until July 1, 2006 at the earliest, because in order for

1

the waiver request to become operative, the Medicaid portion of the annual state budget for DHHS must be revised and approved by the General Assembly.

## FOR A SECOND DEFENSE

2.  For the same reasons set forth in the First Defense above, this case fails to present an actual case or controversy between these parties.

## FOR A THIRD DEFENSE

3. Even if this action were ripe for adjudication or otherwise presented a live controversy, a necessary element of Plaintiffs' state law claim is a showing that federal law does not bar the kind of General Assembly review and approval sought by the Plaintiffs. In fact, federal law, including 42 C.F.R. § 431.10(e), prohibits DHHS, as the "Single State Agency" under the Medicaid program, from delegating Medicaid policymaking. The same regulation also prohibits any review, clearance, or other similar action by other offices or agencies of the State that would impair the authority of DHHS to issue policies, rules, and regulations on Medicaid program matters. South Carolina, like other states participating in the Medicaid program, has agreed to these requirements as a condition of receipt of federal Medicaid funds.

## FOR A FOURTH DEFENSE

4.  For the same reasons set forth in the First Defense above, no justiciable controversy exists between these parties.

## FOR A FIFTH DEFENSE

5. For the same reasons set forth in the First Defense above, no Plaintiff, either individually or as a group, can possibly have suffered damage as a result of any act of any Defendant alleged in the Complaint.

**FOR A SIXTH DEFENSE**

6. The Complaint fails to state facts sufficient to constitute a cause of action and likewise fails to state a claim upon which relief can be granted.

**FOR A SEVENTH DEFENSE**

7. Defendants are immune from this action under the defense of sovereign immunity.

**FOR AN EIGHTH DEFENSE**

8. Neither Plaintiff has standing to bring this action.

**FOR A NINTH DEFENSE**

9. Defendants deny each and every allegation of the Complaint not hereinafter specifically admitted, qualified, or explained.

10. Defendants would allege that the allegations of Paragraph 1 set forth legal conclusions which can neither be admitted or denied. Insofar as such allegations attempt to establish liability on the part of Defendants, Defendants would deny same and demand strict proof thereof.

11. Paragraphs 2 through 4 are admitted.

12. Answering Paragraph 5, it is admitted that some or all of the Defendants are charged with administering the state Medicaid plan in accordance with federal law, and also in accordance with state law to the extent that state law does not conflict with federal law. The remainder of Paragraph 5 sets forth legal conclusions which can neither be admitted or denied. Insofar as such allegations attempt to establish liability on the part of Defendants, Defendants would deny same and demand strict proof thereof.

13. The allegations of Paragraph 6 set forth legal conclusions which can neither be admitted or denied. Insofar as such allegations attempt to establish liability on the part of Defendants, Defendants would deny same and demand strict proof thereof.

14. Paragraphs 7 and 8 are denied for lack of information.

15. Paragraph 9, relating to venue in Richland County, is irrelevant in light of Defendants' removal of this case from state court.

16. The allegations of Paragraphs 10 through 17 set forth legal conclusions which can neither be admitted or denied. Insofar as such allegations attempt to establish liability on the part of Defendants, Defendants would deny same and demand strict proof thereof.

17. Answering Paragraph 18, Defendants admit that on June 7, 2005, they submitted a South Carolina Medicaid Choice Waiver Request to CMS, but would show that CMS has not yet approved that request. For the terms of the request itself, Defendants would refer the Court to the documents submitted to CMS.

18. Answering Paragraph 19, Defendants admit that the request has not been submitted to the South Carolina General Assembly, but deny that such approval is required by state law or permitted by federal law.

19. Paragraphs 20 and 21 are denied.

20. Answering Paragraph 21 (p. 8), the Defendants reiterate and reallege each and every paragraph and affirmative defense of this Answer as if set forth herein.

21. The allegations of Paragraph 22 set forth legal conclusions which can neither be admitted or denied. Insofar as such allegations attempt to establish liability on the part of Defendants, Defendants would deny same and demand strict proof thereof.

22. Paragraphs 23 and 24 are denied.

23. Answering Paragraph 25, the Defendants reiterate and reallege each and every paragraph and affirmative defense of this Answer as if set forth herein.

24. The allegations of Paragraphs 26 through 28 set forth legal conclusions which can neither be admitted or denied. Insofar as such allegations attempt to establish liability on the part of Defendants, Defendants would deny same and demand strict proof thereof.

25. Paragraph 29 appears to be a prayer for relief. Defendants deny that Plaintiffs are entitled to any of the relief therein sought.

26. Answering Paragraph 30, the Defendants reiterate and reallege each and every paragraph and affirmative defense of this Answer as if set forth herein.

27. Paragraphs 31 and 32 are denied.

28. Answering Paragraph 33, the Defendants reiterate and reallege each and every paragraph and affirmative defense of this Answer as if set forth herein.

29. The allegations of Paragraph 34 set forth legal conclusions which can neither be admitted or denied. Insofar as such allegations attempt to establish liability on the part of Defendants, Defendants would deny same and demand strict proof thereof.

30. Paragraphs 35 and 37 (there is no Paragraph 36) are denied.

### FOR A TENTH DEFENSE

31. Defendants intend to move at the close of this litigation for attorneys' fees and costs under the South Carolina Frivolous Civil Proceedings Sanctions Act, *S.C. Code Ann.*, §§ 15-36-10, et seq. Defendants will assert that this case is so clearly unripe for litigation that it is reasonably subject to a finding that it was brought "primarily for a purpose other than that of securing the proper discovery, joinder of parties, or adjudication of the claim upon which the proceedings are based. . . ." §15-36-10(1).

**FOR AN ELEVENTH DEFENSE**

32. Insofar as the Plaintiffs are alleging a claim for damages under state law, the Defendants allege that such claims are barred by the terms, conditions and immunities set forth in *S.C. Code Ann.* §§ 15-78-10, *et seq.* (Supp. 2004).

**WHEREFORE,** having fully answered the Complaint of the Plaintiffs, the Defendants pray that the Complaint be dismissed with prejudice, for the costs of this action, and for such other and further relief as the Court deems just and proper.

                DAVIDSON, MORRISON & LINDEMANN, P.A.

                BY:    *s/ William H. Davidson, II*
                     WILLIAM H. DAVIDSON, II   #425
                     ANDREW F. LINDEMANN    #5070
                     KENNETH P. WOODINGTON   #4741
                     1611 Devonshire Drive, Second Floor
                     Post Office Box 8568
                     Columbia, South Carolina 29202
                     T: 803-806-8222
                     F: 803-806-8855
                     E-Mail: wdavidson@dml-law.com
                            alindemann@dml-law.com
                            kwoodington@dml-law.com

                ATTORNEYS FOR DEFENDANTS

Columbia, South Carolina

October 12, 2005